IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| ABDULKADIR NUR,<br><br>　　Plaintiff-Appellant,<br><br>　　v.<br><br>UNKNOWN CBP OFFICERS, in their individual capacity; CHRIS MAGNUS, Commissioner of the U.S. Customs and Border Protection, in his official capacity; and CHRISTOPHER WRAY, Director of the Federal Bureau of Investigations, in his official capacity,<br><br>　　Defendants-Appellees. | No. 23-1057 |

**MOTION TO DISMISS APPEAL AS UNTIMELY**

Pursuant to Federal Rule of Appellate Procedure 27, Defendants-Appellees Chris Magnus and Christopher Wray respectfully move to dismiss this appeal as untimely.

**BACKGROUND**

**1.** Plaintiff Abdulkadir Nur filed a complaint in district court on February 17, 2022. He alleged that every time he returns to the United States from an international trip, officers of the U.S. Customs and Border Protection ("CBP") search his cell phone or laptop computer. Plaintiff asserted three causes of action, claiming that the border searches of his electronic devices violate the Fourth Amendment, the Fifth Amendment, and the Administrative Procedure Act.

1

Plaintiff sought only prospective relief in the form of a declaratory judgment and an injunction prohibiting alleged future unlawful action. (Plaintiff also asserted a claim for damages under *Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against unnamed CBP officers, but plaintiff subsequently withdrew that claim and it is no longer at issue on appeal.)

2.      On November 7, 2022, the district court issued an opinion granting the government's motion to dismiss. *See* D. Ct. Dkt. 37. The district court held that plaintiff could not establish the existence of a future threatened injury that is certainly impending, as required for his claims seeking prospective injunctive or declaratory relief. *Id.* at 10-11, 14-15. On November 8, 2022, the district court entered a final order granting the government's motion to dismiss. D. Ct. Dkt. 38.

3.      On January 13, 2023, plaintiff filed a notice of appeal from the district court's opinion and order granting the government's motion to dismiss. D. Ct. Dkt. 40.

## ARGUMENT

This Court should dismiss the appeal for lack of appellate jurisdiction because plaintiff's notice of appeal was not timely filed.

Federal Rule of Appellate Procedure 4(a)(1)(B) specifies that the notice of appeal in this case may be filed "within 60 days after the entry of the judgment or order appealed from." The judgment below was entered on November 8, 2022.

Sixty days after the judgment was entered was Saturday, January 7, 2023. By operation of Federal Rule of Appellate Procedure 26(a)(1)(C), the time for filing a notice of appeal in this case was extended to Monday, January 9, 2023. Plaintiff, however, did not file his notice of appeal until January 13, 2023. None of these facts are disputed: plaintiff admits as much in his Docketing Statement filed with this Court. *See* 4th Cir. No. 23-1057, Dkt. 13 (filed Jan. 19, 2023). Accordingly, the notice of appeal was not timely filed and this Court lacks appellate jurisdiction. *See Quinn v. Haynes*, 234 F.3d 837, 843 (4th Cir. 2000) ("The timely filing of the notice of appeal is mandatory and jurisdictional.").

Plaintiff did not file any post-judgment motion that could have stayed the time for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4). Plaintiff did not seek, and the district court did not grant, any extension of time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5). Nor was the time for filing a notice of appeal delayed by any failure to issue a separate final judgment under Federal Rule of Civil Procedure 58. *See* Fed. R. App. P. 4(a)(7)(A)(ii); *Quinn*, 234 F.3d at 843. The district court entered a separate document setting forth its final order. *See* D. Ct. Dkt. 38. Accordingly, plaintiff has no justification for his untimely notice of appeal.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this appeal for lack of appellate jurisdiction.

Respectfully submitted,

SHARON SWINGLE

*/s/ Joshua Waldman*
JOSHUA WALDMAN
   *Attorneys, Appellate Staff*
   *Civil Division*
   *U.S. Department of Justice*
   *950 Pennsylvania Ave. NW*
   *Washington, DC 20530*
   *(202) 514-0236*
   *joshua.waldman@usdoj.gov*

January 2023

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion satisfies the type-volume limitation in Rule 27(d)(2)(A) because it contains 583 words. This motion also complies with the typeface and type-style requirements of Rule 32(a)(5) and Rule 32(a)(6) because it was prepared using Microsoft Word 2016 in Times New Roman 14-point font, a proportionally spaced typeface.

                                                 */s/ Joshua Waldman*
                                                 JOSHUA WALDMAN

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Service on plaintiff will also be made using the appellate CM/ECF system.

                                            */s/ Joshua Waldman*
                                            JOSHUA WALDMAN